89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John F. ROSCH, Petitioner-Appellant,
v.
DIRECTOR, UNITED STATES PAROLE COMMISSION, and John M.
Hurley, Warden, F.C.I., Oxford, Respondents-Appellees.
John F. ROSCH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 95-2800, 95-3764.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 5, 1996.[1]
Decided June 12, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied July 9, 1996.
 
 1
 Before POSNER, Chief Judge, COFFEY, Circuit Judge, and WILLIAMS, District Judge[2].
 
 ORDER
 
 2
 John F. Rosch, a federal prisoner, has filed his fifth and sixth appeals following his conviction. Rosch, an attorney, was charged with RICO violations and embezzling money from the Glen Ellyn Savings & Loan, of which he was president and chief operating officer. Three days into the 1990 trial, Rosch pled guilty pursuant to a written plea agreement. He later was unsuccessful in trying to withdraw the guilty plea. After a six day sentencing hearing, Rosch was sentenced to nine years' imprisonment, and ordered to pay two million dollars in restitution.
 
 
 3
 Rosch now appeals from the denial of a petition for writ of habeas corpus, 28 U.S.C. § 2241, filed in the Western District of Wisconsin, where he is in custody, and appeals from the denial of a motion to reduce, vacate, set aside or correct sentence, 28 U.S.C. § 2255, filed in the Northern District of Illinois, where he was sentenced.
 
 Section 2241 Petition
 
 4
 In 1992, Rosch filed his first § 2241 petition, challenging the "Central Inmate Monitoring" (CIM) assignment placing him in a category described as "Sophisticated Criminal Activity--White Collar." Rosch maintained in the 1992 petition that the classification was wrong because information in the PSI regarding the monetary loss in the offense of conviction was erroneous, that his involvement was no more than $200,000--certainly not one million dollars. The district court dismissed that petition for lack of jurisdiction, construing the claim as challenging the accuracy of information upon which the sentence was based, a claim which must be brought to the sentencing court itself pursuant to 28 U.S.C. § 2255. On appeal, this court affirmed. United States v. Rosch, Nos. 92-2164, 92-2826, 92-3940 (7th Cir. Dec. 21, 1993) (unpublished order), (the § 2241 appeal was consolidated with Rosch's direct criminal appeal, and Rule 35 appeal).
 
 
 5
 The instant § 2241 petition for a writ of habeas corpus filed in Wisconsin maintains that the Parole Commission relied on inaccurate information found in Rosch's presentence investigation report (PSI). Rosch's second § 2241 petition suffered the same result--dismissal--as his first, because he made exactly the same mistake. The district court found that the 73-page pro se petition was "nearly identical" to the 1992 petition, and again dismissed the § 2241 motion for lack of jurisdiction, since Rosch is in custody in Wisconsin but was sentenced in Illinois. Rosch argues that the district court is mistaken, that the 1992 action is "in no way relevant," because the present action did not arise until he appeared before the Commission in January 1995. Rosch argues that his parole was denied because the Parole Commission relied on erroneous statements in the presentencing report (PSI) concerning the monetary loss resulting from his criminal activity. In 1995, the Parole Commission concluded that although the guideline range was 40-52 months, it believed a high end of the range was appropriate:
 
 
 6
 The panel believes that based on the overall amount of fraud involved in this case that this warrants a decision above the guidelines. Subject is listed as one of the most culpable individuals that was involved in the behavior. Therefore his accountability should be higher than those listed below his level of culpability. The panel recommends that the subject be continued to expiration and with good institutional adjustment, he would be released after the service of approximately 70 months. As a result of the subject's behavior, two banks had to close and although the court indicated they were only holding subject responsible for the loss of only $2 million, this is still twice the threshold of a category six offense.
 
 
 7
 Rosch maintains that the dollar figures came from a government witness's perjured testimony. He also argues that parole was denied based on the erroneous information that he had a concealed partner and they worked together to misdirect eleven million dollars in hidden funds.
 
 
 8
 A motion to vacate, set aside, or correct a sentence filed under 28 U.S.C. § 2255 is the proper vehicle for federal prisoners to challenge the imposition or length of detention. It must be filed in the court which sentenced the prisoner, and the original sentencing judge must hear the motion if possible. In contrast, a petition for a writ of habeas corpus, 28 U.S.C. § 2241, challenges the execution of a sentence or conditions of confinement that are not the result of a criminal court's judgment. Cf. U.S. v. Addonizio, 442 U.S. 178, 187 (1979) (petitioner should use § 2241, not § 2255, where he is challenging parole decision, but "there is no claim that the action taken by the sentencing judge was unconstitutional, or was based on 'misinformation of constitutional magnitude' "). See also Carnine v. United States, 974 F.2d 924, 927 (7th Cir.1992) (comparing sections 2241 and 2255).
 
 
 9
 So the first § 2241 petition attacks a classification decision, and the second attacks a parole decision; but both attacks concern the amount of loss he caused, a common theme running through all the litigation Rosch files. The classification and parole decisions were both based on the sentencing court's determination that "the losses which Rosch caused totalled at least $2 million." United States v. Rosch, supra, 1993 WL 533282 at ** 3-4. Thus, in the present § 2241 petition, as in the previous petition, Rosch is seeking to undermine his underlying conviction based on a guilty plea, and the resulting sentence.
 
 
 10
 The § 2241 petition itself acknowledges that Rosch has made the same arguments beginning with his motion to withdraw his guilty plea, through sentencing, and through all collateral attacks on the conviction and sentence: "At ever[y] stage of the criminal proceeding[s] and the parole process, Rosch [h]as always contended that the two 'reasons' put forth [by] the [parole] commission were (and still are) ABSOLUTELY FALSE (along with virtually everything else alleged in the government's version, infra )...." (§ 2241 petition, p. 13) Rosch is attacking the propriety of the information relied upon by the district court that set his sentence; he is not attacking the conditions of confinement. Thus, the petition should have been brought under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241, and the district court properly dismissed the petition for lack of jurisdiction. See Doe v. United States, 51 F.3d 693, 698 (7th Cir.1995) (proper jurisdictional basis is 28 U.S.C. § 2255, not 28 U.S.C. § 2241, where thrust of petition is directed not to actions of the Parole Commission but to the constitutionality of the guilty plea).
 
 
 11
 We conclude that the § 2241 petition was not only properly dismissed, it was an utter waste of the court's time since it duplicated the error made in the first § 2241 petition previously reviewed by this court.
 
 Section 2255 Motion
 
 12
 In the § 2255 motion filed in the district court in Illinois, Rosch again challenges the loss amount, along with various other issues he has already raised, or could easily have raised in his prior post-conviction proceedings.
 
 
 13
 In the district court, Rosch attempted to raise 15 issues in the § 2255 motion, and tries to add several more on appeal. All of the issues were either previously decided (e.g., whether the sentencing judge was biased, adequacy of findings made by sentencing judge particularly in reference to the amount of loss), or have been waived because they could have been raised in the direct appeal or initial post-conviction proceedings. For these reasons, we find that Rosch's petition constitutes an abuse of the writ. See Habeas Corpus Rule 9(b); McCleskey v. Zant, 499 U.S. 467, 489 (1991).
 
 
 14
 In regard to the waived issues, Rosch argues that he could not raise them earlier because of the ineffective assistance of either trial or appellate counsel, or because of newly discovered evidence. As to the ineffective assistance of trial counsel, he argues that counsel deliberately misrepresented the nature of the plea agreement, and failed to aggressively pursue his case. We rejected these or similar arguments in Rosch I, and we will not review them again. In regard to the claims of ineffective assistance of appellate counsel, Rosch has failed to show prejudice, see Strickland v. Washington, 466 U.S. 668, 687 (1984) (only need address prejudice prong).
 
 
 15
 Rosch's complaint that appellate counsel did not raise certain issues carries little weight. Rosch belatedly tries to hide behind a court order which restricted his pro se filings (see Rosch I ), but he filed two pro se briefs and completely ignored the court-ordered restrictions; thus, he could have raised these issues earlier. Moreover, counsel need not raise all possible claims. Page v. United States, 884 F.2d 300, 302 (7th Cir.1989).
 
 
 16
 In any event, the main issue Rosch believes appellate counsel should have raised has been repeatedly addressed by the district court and this court.[3] Rosch believes that appellate counsel should have raised the government's alleged failure to turn over various material in violation of Brady v. Maryland, 373 U.S. 83 (1963). Rosch was given 39 boxes of material prior to the partial trial and subsequent guilty plea, and has not shown other material exists to which he has a right. Rosch's claims of ineffective assistance of appellate counsel fail.
 
 
 17
 Raised in various modes, particularly as newly discovered evidence, is the issue of whether a government witness committed perjury at sentencing--actually not "new evidence" at all, but the same theme Rosch has hammered away at throughout the years of post-conviction litigation--that Thomas Kovac, a FSLIC investigator, misrepresented (intentionally or not) the amount of loss caused by Rosch's criminal conduct. Rosch presents nothing indicating that any perjury occurred and thus fails to show "newly discovered evidence." The sentencing hearing testimony of Kovac revealed that Rosch's criminal conduct resulted in losses including twelve million dollars in defaulted loans authorized by Rosch. The Kovac testimony at most contains some inconsistency, nothing more, and Rosch was permitted full cross-examination at the sentencing hearing. There is absolutely no showing of perjury.
 
 
 18
 Moreover, even if the twelve million dollar figure were reduced, the two million dollar restitution order would still be proper. Also, we agree with the district court that Rosch has failed to show that the alleged perjury could have affected the judgment, since "Rosch pled guilty in this case for reasons which were apparently unrelated to Kovac's testimony. Rosch has not shown that Kovac's testimony affected in any way the guilty plea." (Nov. 9, 1995 order, p. 8.)
 
 
 19
 The prosecutorial misconduct claims concern the Brady claim and the Kovac testimony, both of which we have found meritless.
 
 
 20
 Rosch also raises various due process claims regarding our earlier decisions, for example, arguing that this court failed to address each point he raised in the previous appeals. An appellate court need not address every point raised. United States v. Carson, 9 F.3d 576, 593 (7th Cir.1993). This is particularly true in cases such as this where the appellant files appeal after appeal, rehashing the same issues, resulting in an abuse of the writ.[4] The absurdity of the argument is revealed by the lengthy, convoluted arguments Rosch floods the courts with in an attempt to have the same points decided and redecided, and an attempt to inundate the courts with splintered arguments spread throughout his piecemeal filings.
 
 
 21
 This brings us back to the issue of abuse of the writ.[5] Rosch warns us that the issues decided in Rosch I "won't simply 'go away.' " (Rosch III brief, p. 13.) There have been four years of post-conviction litigation. His filings are often enormous (e.g., a 190-page document disputing the government's version of the events leading to the guilty plea); he has ignored the instructions of the district courts and this court whenever he finds it convenient; he files documents without leave of court; and when granted permission to submit filings within a certain time period, he waits six months or more to do so. His accusations of bias against district court judges, the district court's ignoring his arguments, and inadequate review by this court, are completely unsupported. Most significantly, he repeatedly raises the same issues in various costumes, e.g., attacking Kovac's testimony as a basis for determination of the restitution order, splitting hairs over the twelve million dollar loss amount when he was fortunate to have been ordered to repay only two million dollars, raising unfounded allegations of prosecutorial misconduct, and utterly failing to show any basis for the repeated accusations of bias and inadequacy of the sentencing judge's findings. In addition, in every proceeding he demands hearings, demands discovery, demands copies of orders and documents he can obtain for himself, and generally causes the waste of vast amounts of time, paper, and energy.
 
 
 22
 The new habeas legislation recently enacted by Congress was designed to put a stop to litigants like Rosch, who has stretched the doctrine of abuse of the writ to its limits. See "Antiterrorism and Effective Death Penalty Act of 1996," Pub.L. No. 104-132, 110 Stat. 1214 (April 24, 1996). Under the new law, Rosch will be required to seek authorization from this court before filing another petition. See section 2244(b)(3)(A) of the Act, which states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." We caution Rosch that, having failed to meet the more lenient standards under the earlier law, he would face a considerable burden under the rigorous standards of the new legislation.
 
 
 23
 The judgments of the district courts are AFFIRMED.
 
 
 
 [1]
 These two appeals are successive and therefore have been submitted to the original panel under Operating Procedure 6(b). The panel heard oral argument on the initial appeals and unanimously finds that further oral argument is unnecessary
 
 
 [2]
 The Honorable Spencer Williams, District Judge of the United States District Court for the Northern District of California, is sitting by designation
 
 
 [3]
 The issue concerning the alleged perjury of a government witness is referred to in the ineffective assistance of appellate counsel arguments, but is also called "newly discovered evidence," and thus we discuss it below
 
 
 [4]
 We also note that Rosch typically fails to file a petition for rehearing from our decision in the previous appeals
 
 
 [5]
 In addition to his habeas corpus petitions, Rosch has filed several mandamus petitions, legal malpractice suits, and Bivins actions